**FILED**

JUL 23 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMES QUINE, aka, SHILOH QUINE,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No. 14-cv-2726-JST (PR)<br><br>**ORDER VACATING REFERRAL TO MAGISTRATE JUDGE; DIRECTING CLERK TO REASSIGN ACTION BACK TO DISTRICT JUDGE TIGAR** |

On June 12, 2014, plaintiff Rodney James Quine, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") brought this pro se civil rights action under 42 U.S.C. § 1983. The undersigned noted that plaintiff had consented to magistrate judge jurisdiction and directed the Clerk of Court to reassign the action to a magistrate judge. The action was thereafter reassigned to Magistrate Judge Nathanael Cousins.

On further review, the undersigned finds good cause to retain jurisdiction over this matter. Specifically, by way of her complaint, plaintiff seeks an injunction requiring the California Department of Corrections and Rehabilitation ("CDCR") to provide her Sex Reassignment Surgery ("SRS").[1] Plaintiff alleges she has been diagnosed with Gender Identity Disorder ("GID") and is documented as transgender on prison medical classification chronos. She has a history of suicide

---

[1] Plaintiff refers to herself using female pronouns in her filings; therefore, the Court will do so in this Order.

attempts and anxiety relating to her GID. Her psychotherapist recently recommended SRS as an appropriate and effective intervention for plaintiff. Although she has been provided hormone therapy in prison, plaintiff alleges she needs SRS to treat her GID. Plaintiff has used the CDCR inmate appeals process to request SRS, but had been denied. Plaintiff alleges deliberate indifference to serious medical needs, in violation of the Eighth Amendment, amongst other claims.

Courts have consistently considered GID (including transsexualism or transgenderism) to be a serious medical condition for purposes of the Eighth Amendment. See Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000); White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988); Meriwether v. Faulkner, 821 F.2d 408, 411-13 (7th Cir 1987); Kosilek v. Spencer, 889 F.Supp. 2d 190, 229 (D. Mass. 2012); Fields v. Smith, 712 F.Supp. 2d 830, 862 (E.D. Wisc. 2010). However, the issue of whether a prison's refusal to provide SRS to treat a prisoner's GID constitutes deliberate indifference to serious medical needs in violation of the Eighth Amendment has not been resolved by the United States Court of Appeals for the Ninth Circuit. A case that may answer that question is now pending in the First Circuit: Kosilek v. Spencer, 740 F.3d 733 (9th Cir. 2014) (reh'g en banc granted). The panel's decision in Kosilek upheld a district court order granting an injunction requiring the Massachusetts Department of Corrections to provide SRS. However, the First Circuit withdrew the opinion and granted rehearing en banc on February 12, 2014.

In short, the action presents novel and complex legal issues. An action presenting substantially similar issues is currently pending before the undersigned. See Norsworthy v. Beard, C 14-0695 JST (PR). Specifically, both the Norsworthy action and the instant action were brought by California transgender prisoners seeking SRS. The actions were brought within months of each other, and both actions await initial review under 28 U.S.C. § 1915A.

It therefore appears that reassignment back to the undersigned is warranted. Such reassignment will avoid the risk of duplication of labor and expense as well as the risk conflicting results if the cases are conducted before different Judges. The Court further notes that Magistrate Judge Cousins has not made any rulings in the instant action such that there is no risk of the undersigned disturbing prior proceedings.

Accordingly, pursuant to Fed. R. Civ. Proc. 73(b)(3) and good cause appearing, the June 17, 2014 magistrate referral is hereby VACATED.  The Clerk of Court is directed to reassign this action back to the undersigned, District Judge Jon S. Tigar.

**IT IS SO ORDERED.**

Dated:  July 23, 2014

                                                          JON S. TIGAR
                                           United States District Judge