UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMES QUINE, aka, SHILOH QUINE,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No. 14-cv-02726-JST (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; REFERRING MATTER TO FEDERAL PRO BONO PROJECT AND STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL** |

**INTRODUCTION**

Plaintiff, a California prisoner incarcerated at Salinas Valley State Prison (SVSP) brought this pro se civil rights action under 42 U.S.C. § 1983, seeking an injunction requiring the California Department of Corrections and Rehabilitation (CDCR) to provide her[1] Sex Reassignment Surgery and a safer housing assignment. Plaintiff is granted leave to proceed in forma pauperis in a separate order. Her complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**I.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

---

[1] Because Plaintiff refers to herself using the female pronoun, the Court will do so as well.

seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

The following allegations are taken from the complaint. Plaintiff is a 54-year-old male-to-female transgender patient currently within the Mental Health Services Delivery System at SVSP. She has been diagnosed with Gender Identity Disorder ("GID") and is documented as transgender on prison medical classification records. She has a history of suicide attempts and anxiety relating to her GID. In April 2014, her psychotherapist, B. Bloch Psy.D., recommended Sex Reassignment Surgery ("SRS") as an appropriate and effective intervention for plaintiff. Although she has been provided with hormone therapy in prison, plaintiff alleges she needs SRS to treat her GID. Plaintiff has used the CDCR inmate appeals process to request SRS, but the appeals have also been denied.

Plaintiff alleges deliberate indifference to her serious medical needs in violation of the

2

Eighth Amendment, as well as deliberate indifference to safety, also in violation of the Eighth Amendment. Plaintiff names as defendants Governor Edmund G. Brown, SVSP Warden Grounds, Chief of Medical Health Care Services J. Walker, Staff Services Manager P. Didbal, and Chief Medical Officer L.D. Zamora. Plaintiff does not allege facts, however, linking the individual defendants to her allegations of wrongdoing.

### A.   Deliberate Indifference to Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Gender Identity Disorder, or transsexualism, is "'[a] rare psychiatric disorder in which a person feels persistently uncomfortable about his or her anatomical sex,' and . . . typically seeks medical treatment, including hormonal therapy and surgery, to bring about a permanent sex change." Farmer v. Brennan, 511 U.S. 825, 829 (1994) (quoting American Medical Association, Encyclopedia of Medicine 1006 (1989)). Courts have consistently considered GID (including transsexualism or transgenderism) to be a serious medical condition for purposes of the Eighth Amendment. See Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000); White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988); Meriwether v. Faulkner, 821 F.2d 408, 411-13 (7th Cir 1987); Kosilek v. Spencer, 889 F.Supp. 2d 190, 229 (D. Mass. 2012); Fields v. Smith, 712 F.Supp. 2d 830, 862 (E.D. Wisc. 2010). Consequently, the complaint, when liberally construed, states a cognizable claim for relief for deliberate indifference to plaintiff's serious medical needs.

As noted above, however, the complaint does not sufficiently link any defendant to this legal claim. Accordingly, plaintiff's Eighth Amendment claim will be dismissed with leave to

3

amend to set forth specific facts showing the basis for liability for each defendant as to this claim. She should not refer to them as a group (e.g., "the defendants"); rather, she should identify each involved defendant by name and link each of them to her claim by explaining what each involved defendant did or failed to do that caused a violation of her rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff must keep in mind that there is no vicarious liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### B.     Deliberate Indifference to Safety

Plaintiff alleges a claim for deliberate indifference to safety as follows:

> Plaintiff is subjected to egregious and unnecessary gender based harm/abuses at the hands of many defendants due to lack of safety and health I suffered (physical attacks) per CDCR Dept. of "de facto" policies of abuse, mis-treatment with no sensitivity sny [sic] environments or protective housing unit.

(Compl. at 5.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This includes prison officials' duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at a prison violates the Eighth Amendment only when two requirements are met:     (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the inmate's safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

The complaint does not state a claim for deliberate indifference to safety because plaintiff does not allege what the objectively serious risk to her is. Further, plaintiff has not named any individual defendant in relation to this claim. Assuming there is an objectively serious risk, plaintiff does not allege how any defendant was or is deliberately indifferent to that risk. If

1  plaintiff wishes to re-allege this claim, she may do so in the amended complaint, including factual

2  allegations showing existence of both an objectively serious risk to her safety and deliberate

3  indifference thereto by defendants.

### III. Appointment of Counsel

The interests of justice warrant appointment of counsel to represent plaintiff. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1).

The issue of whether a prison's refusal to provide SRS to treat a prisoner's GID constitutes deliberate indifference to serious medical needs in violation of the Eight Amendment has not been resolved by the United States Court of Appeals for the Ninth Circuit. A case that may answer that question is now pending in the First Circuit: Kosilek v. Spencer, 740 F.3d 733 (9th Cir. 2014) (reh'g en banc granted). The panel's decision in Kosilek upheld a district court order granting an injunction requiring the Massachusetts Department of Corrections to provide SRS. However, the First Circuit withdrew the opinion and granted rehearing en banc on February 12, 2014. In short, the action presents novel and complex legal issues. Accordingly, given the exceptional character of this case, this matter will be referred to the Federal Pro Bono Project to find counsel for plaintiff.

### CONCLUSION

1. Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs and deliberate indifference to safety are DISMISSED WITH LEAVE TO AMEND.

2. Plaintiff is REFERRED to the Federal Pro Bono Project in the manner set forth below:

    a. The Clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the complaint (ECF No. 1).

1           b.      Upon an attorney being located to represent plaintiff, that attorney shall be
2 appointed as counsel for plaintiff in this matter until further order of the Court.
3           c.      All proceedings in this action are STAYED until an attorney is appointed to
4 represent plaintiff.  Once such attorney is appointed, the Court will issue a schedule for the filing
5 of the amended complaint.

6     **IT IS SO ORDERED.**

7 Dated: August 28, 2014



JON S. TIGAR
United States District Judge

6