KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General
PREETI K. BAJWA
Deputy Attorney General
State Bar No. 232484
 455 Golden Gate Ave., Ste. 11000
 San Francisco, CA 94102
 Telephone: (415) 703-1621
 Fax: (415) 703-5843
 E-mail: Preeti.Bajwa@doj.ca.gov
*Attorneys for Defendants*
*J. Beard, S. Pajong, D. Bright, J. Lewis and J. Dunlap*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RODNEY JAMES QUINE,**<br><br>                    Plaintiffs,<br><br>     v.<br><br>**BROWN, et al.,**<br><br>                    Defendants. | C 14-02726 JST<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge:         The Honorable Jon S. Tigar<br><br>Action Filed: June 12, 2014 |

　　　Defendants J. Beard, S. Pajong, J. Dunlap, D. Bright, and J. Lewis (Defendants) answer Plaintiff Rodney James Quine's (Plaintiff) First Amended Complaint (Complaint), and deny, admit, and allege, as follows:

**FIRST AMENDED COMPLAINT**

　　　1.　　Answering the allegations of paragraph 1, Defendants admit that this is a civil rights action brought by Plaintiff under 42 U.S.C. § 1983.  Defendants deny that they failed to provide Plaintiff with medically necessary surgery in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  Defendants further deny that they failed to provide Plaintiff

1

Defs.' Ans. To FAC   (C 14-02726 JST)

1  with access to clothing, cosmetics and hygiene items in violation of the Fourteenth Amendment.

2      2.    Answering the allegations of paragraph 2, Defendants admit that Plaintiff is a citizen of California currently housed at Mule Creek State Prison in Ione, California by the California Department of Corrections and Rehabilitation (CDCR).  Defendants admit that Plaintiff has been incarcerated under the custody of CDCR since on 1980.  Defendants admit that Plaintiff is a transgender woman.  Defendants admit that Plaintiff has received feminizing hormone therapy since 2009.  Defendants deny that they have refused to allow Plaintiff to obtain medically necessary surgery.  Defendants deny that their alleged actions caused Plaintiff significant injury or affected her daily activities.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Plaintiff's medical condition and, on that basis, deny them.

    3.    Answering the allegations of paragraph 3, Defendants admit that Defendant J. Beard is a California resident and has served as Secretary of the CDCR since his appointment by Governor Edmond G. Brown, Jr. on December 27, 2012.  Defendants admit that Secretary Beard has ultimate responsibility and authority for the operation of the CDCR, including inmate name changes.  Defendants deny that Secretary Beard has ultimate responsibility and authority over the administration of inmate health care and the execution of policies governing medical care.

    4.    Answering the allegations of paragraph 4, Defendants admit that Defendant S. Pajong is a California resident and Defendant Pajong is a CDCR employee with the title "Physician & Surgeon – Salinas Valley State Prison" and was charged with evaluating certain appeals of prisoner health care issues during times relevant to the claims in this suit.  Defendants admit that Defendant Pajong is currently employed by CDCR at Salinas Valley State Prison in Soledad, California.  Defendants deny that Defendant Pajong had the authority to grant or deny the relief requested in the appeals.

    5.    Answering the allegations of paragraph 5, Defendants admit that Defendant D. Bright is a California resident and Defendant Bright is a CDCR employee with the title "Chief Physician and Surgeon– California Training Facility" and was charged with evaluating certain appeals of prisoner health care issues during times relevant to the claims in this suit.  Defendants admit that

2

Defs.' Ans. To FAC   (C 14-02726 JST)

1  Defendant Bright is currently employed by CDCR at California Training Facility in Soledad,
2  California. Defendants deny that Defendant Bright had the authority to grant or deny the relief
3  requested in the appeals.
4     6.   Answering the allegations of paragraph 6, Defendants admit that Defendant J. Dunlap
5  is a California resident and is a CDCR employee with the title "CME" and was charged with
6  evaluating certain second level appeals of prisoner health care issues during times relevant to the
7  claims in this suit. Defendants deny that Defendant Dunlap had the authority to grant or deny the
8  relief requested in the appeals. Defendants deny that Defendant Dunlap is currently employed by
9  CDCR at Salinas Valley State Prison in Soledad, California.
10    7.   Answering the allegations of paragraph 7, Defendants admit that Defendant J. Lewis
11 is a California resident and employed at California Health Care Services during times relevant to
12 the claims in this suit. Defendants deny that Defendant Lewis had the authority to grant or deny
13 the relief requested in the appeals.
14    8.   Answering the allegations of paragraphs 8-9, Defendants are currently without
15 knowledge or information sufficient to form a belief as to the truth of the allegations and, on that
16 basis, deny them.
17    9.   Answering the allegations in paragraphs 10 – 11, Defendants admit jurisdiction and
18 venue is proper.
19    10.  Answering the allegations in paragraphs 12 – 17, Defendants are currently without
20 knowledge or information sufficient to form a belief as to the truth of the allegations and, on that
21 basis, deny them.
22    11.  Answering the allegations in paragraph 18, Defendants admit Plaintiff is incarcerated
23 for life without the possibility of parole for robbery, kidnapping, and murder, events that
24 transpired in February 1980.
25    12.  Answering the allegations in paragraphs 19 – 36, given the large volume of Plaintiff's
26 medical records, Defendants are currently without knowledge or information sufficient to form a
27 belief as to the truth of the allegations and, on that basis, deny them.
28

3

Defs.' Ans. To FAC   (C 14-02726 JST)

1    13.    Answering the allegations in paragraph 37, given the large volume of Plaintiff's medical records, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

     14.    Answering the allegations of paragraph 38, Defendants deny that their alleged actions caused Plaintiff significant injury or affected her daily activities.  Given the large volume of Plaintiff's medical records, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

     15.    Answering the allegations in paragraph 39, Defendants admit the World Professional Association for Transgender Health ("WPATH") is a non-profit, multidisciplinary professional association that researches and puts forth opinions on the standards of care for gender dysphoria. As to the remaining allegations, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

     16.    Answering the allegations of paragraph 40, Defendants admit that the Standards of Care as described in the First Amended Complaint state that sex-reassignment surgery is an "essential and medically necessary" treatment for gender dysphoria in certain cases.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

     17.    Answering the allegations of paragraph 41, Defendants admit that the Standards of Care as described in the First Amended Complaint state the criteria for vaginoplasty in male-to-female transsexuals include "[p]ersistent, well-documented gender dysphoria," "[twelve] continuous months of hormone therapy as appropriate to the patient's gender goals," and "[twelve] continuous months of living in a gender role that is congruent with their gender identity." Defendants admit that the Standards of Care as described in the  First Amended Complaint state that the twelve-month requirement that a sex-reassignment surgery candidate live in an identity-congruent gender role is "based on expert clinical consensus that this experience provides ample opportunity for patients to experience and socially adjust in their desired gender role, before undergoing irreversible surgery."  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

4

Defs.' Ans. To FAC   (C 14-02726 JST)

18. Answering the allegations of paragraph 42, Defendants admit that the Standards of Care as described in the First Amended Complaint state: "[h]ealth care for transsexual, transgender, and gender-nonconforming people living in an institutional environment should mirror that which would be available to them if they were living in a non-institutional setting within the same community. . . . All elements of assessment and treatment as described in the SOC can be provided to people living in institutions. Access to these medically necessary treatments should not be denied on the basis of institutionalization or housing arrangements." Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

19. Answering the allegations of paragraph 43, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

20. Answering the allegations of paragraph 44, Defendants deny that the only way to treat Plaintiff's gender dysphoria is through sex reassignment surgery. Defendants deny that their alleged actions caused Plaintiff significant injury or affected her daily activities. Given the large volume of Plaintiff's medical records, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

21. Answering the allegations in paragraphs 45 – 49, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

22. Answering the allegations in paragraphs 50 - 67, given the large volume of Plaintiff's medical and central file records, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

23. Answering the allegations of paragraph 68, Defendants deny that their refusal to provide sex-reassignment surgery to Plaintiff is not justified by California Code of Regulations Title 15, Section 3350.1 or the Department Operations Manual, Section 91020.26.

5

Defs.' Ans. To FAC   (C 14-02726 JST)

1      24.     Answering the allegations of paragraph 69, Defendants deny that California Code of Regulations Title 15, Section 3350.1 is facially discriminatory against transgender women inmates.  Defendants deny that California Code of Regulations Title 15, Section 3350.1 makes vaginoplasty de facto unavailable for transsexual women inmates.  Defendants admit that California Code of Regulations Title 15, Section 3350.1 permits vaginoplasty for non-transgender female inmates with certain conditions such as cystocele.  Defendants deny that California Code of Regulations Title 15, Section 3350.1 singles out inmates assigned male at birth and transgender women inmates by placing barriers to obtaining vaginoplasty when it is medically necessary.

       25.     Answering the allegations of paragraph 70, Defendants deny that California Code of Regulations Title 15, Section 3350.1 was applied by each of the Defendants in a manner that discriminated against Plaintiff on the basis of her status as an inmate assigned male at birth, and a transgender woman in particular.  Defendants deny that they failed to give proper consideration to whether or not sex-reassignment surgery was a medical necessity for the treatment of Plaintiff's gender dysphoria.  Defendants deny that they based their conclusions on different factors and processes than they would have in determining the appeal of a non-transgender inmate's request for medically-necessary surgery.  Defendants deny that they regarded and applied the regulation as a de facto bar to Plaintiff's request for sex-reassignment surgery solely as the result of Plaintiff being assigned male at birth or her status as a transgender woman.

       26.     Answering the allegations of paragraph 71, Defendants deny that they discriminated against Plaintiff and manifested deliberate indifference to Plaintiff's purported mental anguish and suffering resulting from her gender dysphoria by failing to prescribe SRS and refer Plaintiff's SRS for approval by the medical authorization review committee and the health care review committee pursuant to 15 C.C.R. § 3350.1(d).

       27.     Answering the allegations of paragraph 72, Defendants deny that their alleged actions caused Plaintiff significant injury or affected her daily activities.  Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

6

Defs.' Ans. To FAC   (C 14-02726 JST)

1    28.    Answering the allegations of paragraph 73, Defendants reassert their responses to
2  Paragraphs 1-72 as if fully set forth in this Answer.

3    29.    Answering the allegations of paragraph 74, Defendants are currently without
4  knowledge or information sufficient to form a belief as to the truth of the allegations and, on that
5  basis, deny them.

6    30.    Answering the allegations of paragraph 75, the allegations contained in this paragraph
7  constitute legal conclusions to which no response is required. To the extent these legal
8  conclusions may be considered as factual allegations, Defendants deny them.

9    31.    Answering the allegations of paragraph 76, to the extent the allegations contained in
10 this paragraph constitute legal conclusions, no response is required.  To the extent these legal
11 conclusions may be considered as factual allegations, Defendants deny them.   Defendants further
12 deny that their alleged actions caused Plaintiff significant injury or affected her daily activities.
13 Defendants are currently without knowledge or information sufficient to form a belief as to the
14 truth of the allegations and, on that basis, deny them.

15   32.    Answering the allegations of paragraph 77, Defendants deny that they have deprived
16 Plaintiff of her right to medically necessary treatment guaranteed by the Eighth Amendment to
17 the United States Constitution.

18   33.    Answering the allegations of paragraph 78, Defendants reassert their responses to
19 Paragraphs 1-77 as if fully set forth in this Answer.

20   34.    Answering the allegations of paragraph 79, Defendants admit that California Code of
21 Regulations Title 15, Section 3350.1 identifies vaginoplasty as not medically necessary except for
22 cystocele or rectocele unless the patient's attending physician prescribes the treatment and the
23 service is approved by the medical authorization review committee and the health care review
24 committee.

25   35.    Answering the allegations of paragraph 81 Defendants deny that California Code of
26 Regulations Title 15, Section 3350.1 discriminates against transgender women inmates.
27 Defendants deny that California Code of Regulations Title 15, Section 3350.1 makes
28 vaginoplasty de facto unavailable for transsexual women.  Defendants deny that California Code

7

Defs.' Ans. To FAC   (C 14-02726 JST)

1   of Regulations Title 15, Section 3350.1 singles out inmates assigned male at birth, and
2   transgender women inmates.  Defendants deny that California Code of Regulations Title 15,
3   Section 3350.1 places onerous barriers to obtaining vaginoplasty when it is medically necessary.
4        36.   Answering the allegations of paragraph 82, Defendants deny that they applied the
5   statute in a manner that discriminated against Plaintiff on the basis of her gender and transgender
6   status.  Defendants deny that they failed to give proper consideration to the specific circumstances
7   of Plaintiff's gender dysphoria or purported need for sex-reassignment surgery.  Defendants deny
8   that they based their conclusions on factors and processes that they would not have considered in
9   determining the medical necessity of a treatment for a non-transgender inmate's request for
10  medically-necessary surgery.  Defendants deny that they regarded and applied California Code of
11  Regulations Title 15, Section 3350.1 as a de facto bar to Plaintiff's request for sex-reassignment
12  surgery.
13       37.   Answering the allegations of paragraph 83, Defendants deny that they discriminated
14  against Plaintiff.  Defendants deny that they manifested deliberate indifference to Plaintiff's
15  purported mental anguish and suffering.
16       38.   Answering the allegations of paragraph 84, Defendants deny that they intentionally
17  treated Plaintiff differently from non-transgender female inmates seeking vaginoplasty due to her
18  gender and transgender status.
19       39.   Answering the allegations of paragraph 85, Defendants deny that there is a difference
20  in treatment between transgender women and non-transgender women.  Defendants deny that
21  inmates assigned male at birth and transgender inmates requiring medically necessary
22  vaginoplasty are barred from receiving it or held to a more onerous standard.
23       40.   Answering the allegations of paragraph 86, Defendants deny that there is a difference
24  in treatment between transgender women and non-transgender women.
25       41.   Answering the allegations of paragraph 87, Defendants deny that their alleged actions
26  caused Plaintiff significant injury or affected her daily activities.  Defendants further deny that
27  they have deprived Plaintiff of her right to equal protection under the laws guaranteed by the
28  Fourteenth Amendment to the United States Constitution.  Defendants are currently without

8

Defs.' Ans. To FAC   (C 14-02726 JST)

1   knowledge or information sufficient to form a belief as to the truth of the remaining allegations
2   and, on that basis, deny them.
3       43.   Answering the allegations of paragraph 88, Defendants reassert their responses to
4   Paragraphs 1-87 as if fully set forth in this Answer.
5       44.   Answering the allegations of paragraph 89, Defendants deny that they discriminated
6   against Plaintiff by refusing to her access to clothing, cosmetic and hygiene items that are
7   approved and available to cisgender women inmates, and deny the remaining allegations that the
8   policy singles out inmates male at birth and transgender women in particular, by placing onerous,
9   significant barriers to obtaining these products.
10      45.   Answering the allegations of paragraph 90, Defendants deny that they discriminated
11  against Plaintiff on the basis of her gender and transgender status.  Defendants deny they failed to
12  give proper consideration to the specific circumstances of Plaintiff's request and deny they
13  ignored her requests on a blanket discriminatory police and bias against transgender women
14  inmates.  Defendants deny the remaining allegations.
15      46.    Answering the allegations of paragraph 91, Defendants deny that they intentionally
16  treated Plaintiff differently from non-transgender female inmates seeking access to the pre-
17  approved personal items due to her gender and transgender status.
18      47.   Answering the allegations of paragraph 92, Defendants are currently without
19  knowledge or information sufficient to form a belief as to the truth of the allegations and, on that
20  basis, deny them.
21      48.   Answering the allegations of paragraph 93, the allegations contained in this paragraph
22  constitute legal conclusions to which no response is required. To the extent these legal
23  conclusions may be considered as factual allegations, Defendants deny them.
24      49.   Answering the allegations of paragraph 94, Defendants deny that their alleged actions
25  caused Plaintiff significant injury or affected her daily activities.  Defendants are currently
26  without knowledge or information sufficient to form a belief as to the truth of the remaining
27  allegations and, on that basis, deny them.
28

9

Defs.' Ans. To FAC   (C 14-02726 JST)

50. Answering the allegations of paragraph 95, Defendants deny that they deprived Plaintiff of her right to equal protection under the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

1. In response to paragraphs 96 - 101, Defendants deny the allegations. Defendants further deny that Plaintiff is entitled to any relief whatsoever, including declaratory and injunctive relief.

2. Except as expressly admitted in the foregoing paragraphs, Defendants deny each and every allegation in the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2. To the extent that Plaintiff's claims were neither described nor included in her inmates grievances, Defendants assert that Plaintiff's claims are barred, limited, or controlled by the Prison Litigation Reform Act.

3. To the extent that Plaintiff's claims were neither described nor included in her inmate grievances, Plaintiff failed to properly exhaust her administrative remedies as required by the Prison Litigation Reform Act.

4. Defendants exercised due care and acted only in the execution or enforcement of the law.

5. Plaintiff has suffered no injury or harm.

6. Plaintiff's own conduct contributed to her damages, if any.

7. Plaintiff failed to mitigate her damages, if any.

8. Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional defenses, if and to the extent such affirmative defenses are applicable, is reserved.

///

///

10

Defs.' Ans. To FAC   (C 14-02726 JST)

## PRAYER FOR RELIEF

Defendants pray:

That Plaintiff be denied any damages or relief;

That judgment be entered in favor of Defendants;

That Defendants be awarded costs of suit and attorney's fees; and

That Defendants be awarded such other relief as this Court deems just and proper.

Dated:  February 6, 2015                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General


**s/ PREETI K. BAJWA**
PREETI K. BAJWA
Deputy Attorney General
*Attorneys for Defendants*

SF2015400052
11725347.doc

11

Defs.' Ans. To FAC   (C 14-02726 JST)

# CERTIFICATE OF SERVICE

Case Name:  **Quine v. Brown, et al,**          No.   **C 14-02726 JST**

I hereby certify that on February 6, 2015, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On February 6, 2015, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Herman Joseph Hoying**
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Attorney for Rodney James Quine

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 6, 2015, at San Francisco, California.

|              R. Caoile              |           s/ R. Caoile           |
|:-----------------------------------:|:--------------------------------:|
|              Declarant              |            Signature             |

SF2015400052
41201951.doc