KAMALA D. HARRIS, Bar No. 146672
Attorney General of California

JAY C. RUSSELL, State Bar No. 122626
Supervising Deputy Attorney General
MARTINE N. D'AGOSTINO, State Bar No. 256777
  455 Golden Gate Ave., Ste. 11000
  San Francisco, California 94102
  Telephone: (415) 703-5233
  Fax: (415) 703-5843
  E-mail: Martine.DAgostino@doj.ca.gov
*Attorneys for Defendants
J. Beard, S. Pajong, D. Bright, J. Lewis and J. Dunlap*

CHRISTOPHER J. BANKS, BAR No. 218779
HERMAN J. HOYING, Bar No. 257495
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Fax: (415) 442-1001
cbanks@morganlewis.com
hhoying@morganlewis.com

ILONA M. TURNER, BAR No. 256219
JENNIFER ORTHWEIN, Bar No. 255196
SHAWN T. MEERKAMPER, Bar No. 296964
TRANSGENDER LAW CENTER
1629 Telegraph Ave., Suite 400
Oakland, California 94612
Telephone: (415) 865-0176
Fax: (877) 847-1278
ilona@transgenderlawcenter.org
jen@transgenderlawcenter.org
shawn@transgenderlawcenter.org

Attorneys for Plaintiff
Shiloh Quine

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SHILOH QUINE (a/k/a RODNEY JAMES QUINE),**<br><br>                             Plaintiff,<br><br>    v.<br><br>**BROWN, et al.,**<br><br>                             Defendants. | C 14-02726 JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 22, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9<br>Judge: The Honorable Jon S. Tigar<br>Trial Date: January 4, 2016<br>Action Filed: June 12, 2014 |

1

Plaintiff Shiloh Quine (a/k/a Rodney James Quine) and Defendants Dr. Jeffrey Beard, S. Pajong, D. Bright, J. Dunlap and J. Lewis (collectively with Plaintiff, the "Parties"), submit this Joint Case Management Statement pursuant to the Standing Order for All Civil Cases before District Judge Jon S. Tigar dated September 17, 2013.

The parties are scheduled to attend a settlement conference on July 24, 2015.

I. **Nature of the Claims**

The following facts are taken from the allegations contained in the First Amended Complaint. Defendants do not admit the veracity of the following allegations.

Plaintiff Shiloh Quine (a/k/a Rodney James Quine) is a transgender woman—an individual whose gender identity is different from the male gender assigned to her at birth—who has been incarcerated under the custody of the California Department of Corrections and Rehabilitation (CDCR) since 1980. Plaintiff currently is housed at Mule Creek State Prison (MCSP).

Plaintiff has been consistently living as a woman since 2008 and has taken feminizing hormones since 2009. On September 26, 2013, Plaintiff filed a health care appeal with CDCR seeking sex reassignment surgery ("SRS"). The appeal for SRS was denied at all three stages of review. Plaintiff also sought access to clothing, cosmetic and hygiene items that are pre-approved and available to inmates housed in female institutions. Plaintiff's appeal for access to these items also was denied at all three stages of review.

Plaintiff brings this civil-rights action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to provide her with medically necessary surgery in violation of the Eighth and Fourteenth Amendments, and failed to provide Plaintiff access to clothing, cosmetic and hygiene items available to inmates housed in female institutions in violation of the Fourteenth Amendment. Plaintiff seeks injunctive relief only.

II. **Litigation Schedule**

The Court entered a Scheduling Order on February 25, 2015. (Dkt. No. 34.) On July 2, 2015—pursuant to a stipulation of the parties—the Court entered an order extending the fact discovery and expert disclosure deadlines. (Dkt. No. 40.) The current schedule is as follows:

| Event | Deadline |
|---|---|
| Expert Disclosures | 7/24/15 |
| Expert Rebuttal | 8/11/15 |
| Fact and Expert Discovery Cut-Off | 8/21/15 |
| Deadline to File Dispositive Motions | 9/18/15 |
| Pretrial Conference Statement Due | 12/01/15 |
| Pretrial Conference | 12/11/15 at 2:00 p.m. |
| Trial | 1/04/16 at 8:30 a.m. |
| Estimate of Trial Length | Ten Days |

### III.   Discovery Issues

**PLAINTIFF'S POSITION:**

   *A. Document Discovery*

Defendants have failed timely to produce responsive documents. On February 26, 2015, Defendants produced approximately 4,000 pages of documents consisting of Plaintiff's central file and medical records. On March 23, 2015, Plaintiff served Defendants with her first set of requests for production. Defendants have not diligently provided responsive documents to these requests. Over four months after those requests were served, Defendants have produced only approximately 6,000 additional pages of documents responsive to those requests. This pales in comparison to the over 70,000 pages of documents Defendants claim to have identified as being potentially responsive to the requests. Notably, Defendants have failed to produce any of the requested communications surrounding Plaintiff's medical treatment and request for SRS. Instead, the documents Defendants have produced consist almost entirely of CDCR policies and regulations, catalogs of items available for purchase by inmates, and final, executed versions of contracts with vendors providing products for sale to inmates. During a meet and confer conference on June 23, 2015, Defendants claimed that they were in the process of reviewing approximately 67,000 pages of potentially responsive documents, which they would produce on a

rolling basis. Two weeks later, Defendants still have not produced *any* of these documents and Defendants refuse to provide a date by when Defendants will complete their production.

Defendants' unacceptable and prejudicial failures to promptly provide discovery is further demonstrated by the following example. At the deposition of Defendant Pajong on June 11, 2015, Dr. Pajong testified that, in preparation for his deposition, he reviewed a copy of notes he made during his interview with Plaintiff in connection with her appeal seeking SRS. Counsel for Plaintiff was unable to find a copy of these notes in Defendants' production and promptly requested that Defendants either provide the Bates number for the document or produce it. Almost a month later, Defendants still have not produced this document. Plaintiff respectfully requests the Court's assistance in obtaining Defendants' compliance with their discovery obligations. Specifically, Plaintiff requests that the Court require Defendants to complete their production of responsive documents by Monday, July 27.

In addition to the unacceptable delay in Defendants' production of responsive documents, Defendants also have taken the position that CDCR does not have possession, custody or control of certain key documents regarding Plaintiff's claims. For example, Defendants claim not to have *any* documents related to the gender clinic that was operated by CDCR from the late 1990s to the mid-2000s. Defendants also have failed to produce contracts with certain entities that make items available for sale to CDCR inmates. Defendants claim that all responsive contracts have been produced, but it is very difficult to believe that CDCR allows these companies to market, sell and send products to inmates without any contract with CDCR. Given these and other discrepancies, Plaintiff may seek appropriate relief from the Court if Plaintiff discovers that Defendants have failed adequately to collect and produce documents responsive to her requests for production. Similarly, Defendants have asserted objections to certain requests for production on the basis of privacy, confidentiality and privilege but, to date, have not provided a privilege log identifying documents being withheld on the basis of these objections. Should Defendants withhold documents on any of these grounds, Plaintiff may need to seek relief from the Court.

Production of these documents is essential both to allow Plaintiff to prepare for trial and, more urgently, to conduct meaningful depositions of the key percipient witnesses. There is no justification for Defendants' extended delay in producing responsive documents. Plaintiff

requests the Court's assistance in obtaining this necessary discovery to allow the trial to proceed on the current schedule.

### B. *Depositions*

To date, Plaintiff has taken the depositions of two of the five defendants and Defendants have taken Plaintiff's deposition. Additional scheduled depositions have been taken off calendar due to Defendants' delay in producing documents. In addition, Defendants have opposed the deposition of Defendant Beard, contending that his deposition would constitute an apex deposition. The parties currently are negotiating potential alternative deponents and negotiating a schedule for the depositions of the remaining defendants and other percipient witnesses. Plaintiff is optimistic that the parties will be able to resolve these scheduling issues without the Court's involvement. However, to date, Plaintiff has had some difficulty timely obtaining dates for depositions and may require the Court's assistance.

In addition, Plaintiff anticipates that it may be necessary for Plaintiff to take more than ten depositions—the default established by Federal Rule of Civil Procedure 30—given (i) the fact-intensive and novel nature of the claims; (ii) that there are five named defendants; (iii) that Plaintiff has had numerous medical providers over the relevant time period; and (iv) that Defendants are proposing several different individuals to testify in the place of Defendant Beard. To the extent that Defendants refuse to stipulate to the taking of more than ten depositions, Plaintiff anticipates that she may need to seek leave of the Court to conduct a few additional depositions.

**DEFENDANTS' POSITION:**

As an initial matter, Defendants object to Plaintiff seeking to compel documents through a case management statement. This Court's civil standing orders require parties to file a joint letter brief describing discovery disputes. Instead of complying with the Court's procedure, Plaintiff is improperly seeking relief through the case management statement, which Defendants received one day before the filing deadline.

Defendants disagree with Plaintiff's characterization of Defendants' document production. Defendants timely responded to the discovery requests and have produced thus far Plaintiff's entire prison central file, medical records, and mental health records, spanning over her 30 year

incarceration, as well as policies, regulations, contract documents, and catalogues – documents that Plaintiff specifically requested. Plaintiff's contention that Defendants' production is "unacceptable and prejudicial" is unfounded. Plaintiff offers no explanation for why Defendants should be ordered to complete their production by Monday, July 27. This deadline appears arbitrary given the fact that the discovery deadline has been extended to August 21 and most depositions have been temporarily postponed pending Defendants' anticipated document production. Defendants have been producing thousands of pages of documents, and will continue to collect, review, and produce responsive, non-privileged documents on a rolling basis in as timely a manner as possible.

Furthermore, Plaintiff provides no support for her contention that it is "very difficult to believe" that Defendants are not in possession, custody, or control of certain vendor contract documents or documents relating to transgender care, that by Plaintiff's own admission, are over ten years old. With respect to the latter, Defendants have produced a discovery response certifying that no responsive documents exist. Defendants have complied and will continue to comply with their discovery obligations.

Regarding depositions, Defendants ask that Plaintiff specifically identify the number of additional depositions she seeks to conduct, and seek a stipulation from Defendants before raising the issue before the Court.

**IV.     Status of Settlement Discussions**

On July 6, 2015, the Court referred the case to Magistrate Judge Nandor J. Vadas for a settlement conference pursuant to a request of the parties. The parties have scheduled a conference with Magistrate Judge Vadas on July 24, 2015. The parties have been ordered to meet and confer by phone to discuss settlement before July 14, in advance of a telephonic status conference call with Judge Vadas on July 21 at 1:00 pm. In addition, Judge Vadas has requested confidential settlement conference statements by no later than July 20.

Dated: July 8, 2015   /s/ *Herman J. Hoying*

  *Counsel for Plaintiff*

Dated: July 8, 2015   /s/ MARTINE N. D'AGOSTINO

  *Counsel for Defendants*

**Attestation Under N.D. Cal. Civil Local Rule 5-1(i)**

Concurrence in the filing of this document has been obtained from all signatories, and shall serve in lieu of their signatures on the document.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Signed on July 8, 2015 in San Francisco, California.

  /s/ *Herman J. Hoying*
  Herman J. Hoying