1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SHILOH QUINE, | CASE No.  3:14-CV-02726 JST (NJV) |
| Plaintiff, | **ORDER REGARDING IMPLEMENTATION OF SETTLEMENT** |
| v. | |
| JEFFREY BEARD, et al., | |
| Defendants. | |

The parties attended a telephonic conference before Magistrate Judge Nandor J. Vadas on May 25, 2016, to discuss their disputes with regard to the implementation of the parties' settlement agreement.  (Dkt. No. 72.)  The court, having considered the submissions and arguments of the parties, HEREBY ORDERS that:

1. Defendants shall schedule Plaintiff's surgery with Dr. Thomas Satterwhite of Brownstein & Crane Surgical Services ("Brownstein & Crane") on his earliest available date, which currently is December 9, 2016.  In addition, Defendants shall consult with Dr. Curtis Crane of Brownstein & Crane and Dr. Marci Bowers to determine if either has an earlier available date to perform the surgery, in which case the surgery will be scheduled with that surgeon instead.

2. The parties shall meet and confer regarding scheduling of a consultation between Plaintiff and the surgeon.  If the parties are unable to reach agreement on the scheduling of the consultation by June 30, 2016, the parties shall schedule a further telephonic conference

1   with the court.

2   3.  The parties shall continue to meet and confer regarding CDCR's proposed changes to the

3   property policies, with the following guidance from the court:

4       a.  The parties should meet and confer to discuss the language in the settlement

5           agreement, which provides that "inmates identified by medical or CDCR personnel

6           as transgender or having symptoms of gender dysphoria" will have access to

7           property items pursuant to the revised policies;

8       b.   The policy should be revised to allow "inmates identified by medical or CDCR

9           personnel as transgender or having symptoms of gender dysphoria" housed in male

10          institutions at least some access to the following items currently only permitted in

11          female institutions:  Pajama/Nightgown, Robe, Sandals, Scarf, T-Shirts, and

12          Walking Shoes;

13      c.  The policy should be revised to allow "inmates identified by medical or CDCR

14          personnel as transgender or having symptoms of gender dysphoria" housed in male

15          institutions access to chains/necklaces in the same manner as inmates housed in

16          female institutions;

17      d.  In addition, the policy should be revised to allow "inmates identified by medical or

18          CDCR personnel as transgender or having symptoms of gender dysphoria" housed

19          in male institutions supervised access to the following items currently only

20          permitted in female institutions: pumice stone, emery boards, and curling irons;

21      e.  The court believes that the following items currently allowed only permitted in

22          female institutions pose significant safety and security concerns that may justify a

23          policy that does not allow "inmates identified by medical or CDCR personnel as

24          transgender or having symptoms of gender dysphoria" housed in male institutions

25          access to them:  bracelet, earrings, hair brush, and hair clips; and

26      f.  The parties shall continue to meet and confer regarding inmates' access to binders,

27          including whether binders should be provided to transgender male inmates as a

28          state-issued clothing item or for purchase as a specialty item.

4.  Defendants shall provide Plaintiff copies of the proposed language for the property policies no later than Thursday, June 30 at 5:00 p.m.  Within a week thereafter, the parties shall schedule an in person meet and confer to discuss any remaining disputes between the parties regarding the property policy.

5.  If the parties are unable to reach agreement regarding the terms of the revised property policies, the parties shall submit their disputes to the court for its consideration.

IT IS SO ORDERED.

Dated: June 9, 2016

_____
NANDOR J. VADAS
UNITED STATES MAGISTRATE JUDGE