FILED

MAR - 6 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NINA SHANAY MCQUEEN
MULE CREEK STATE PRISON
IONE,CA 95640

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

NINA SHANAY MCQUEEN
PLAINTIFF

V.

KAYHLEEN ALLISON,
DIRECTOR,ET;AL.
DEFENDANTS

NO.C-14-02726 JST(NJV)

MOTION FOR WRIT OF MANDATE AND
DECLARATION AND INJUNCTIVE RELIEF

C V 17 1147 SK

**FACTS**

I.)I NINA SHANAY MCQUEEN,ET;AL.Plaintiffs are in the custody of the Director;and have been committed to the custody of the secretary of the Department of Corrections and Rehabilitation,under the direct custody and supervision of Joe Lizarraga,Warden,at Mule Creek State Prison-Ione,Ca

II)Plaintiffs are class-action members in the case of;Quine V.Beard, ET;AL. (UNITED STATES DISTRICT COURT DOCKET NO;3;14-CV-02726-JST (N.O.CAL),And are thereby entitled to the fruits of said terms and conditions of the settlement agreement and release.

III)Plaintiffs have been denied the fruits of the terms and conditions of the settlement agreement and release as agreed upon by the parties in the above entitled case.

IV.)Defendants have not made any attempt to revise its policies to allow inmates identified by medical or California Department of Corrections and Rehabilitation personnel as Transgender or having symptoms of Gender Dysphoria access to property items available to California Department of Corrections and Rehabilitation inmates consistent with these inmates custody and classification factors including property items that are desinated as available to female inmates only.

V.)Defendants have failed to issue Plaintiffs correctional chronos allowing Petitioners;access to property items available to Cali- fornia  Department of Corrections and Rehabilitation inmates con- sistent with those inmates custody and classification factors, including property items that are desinated as available to female inmates only.

VI.)Defendants have not adequately revised its policies to;
1)As promptly as possible after being deemed medically necessary referring Transgender inmates for genital sex reassignment surgery.
2)Referring a Transgender inmate to a surgical practice for sex-re-

I

assignment surgery.
2.)Referring a Transgender to a surgical practice for sex-reass-
ignment surgery,I.E; SURGERY to transform the appearance and func-
tion of plaintiffs' gentials to appear as female.

VII)The California Department and Rehabilitation has unsatisfac-
torily failed to comply with a court order, and the settlement agree-
ment set forth by this Honorable Court.

## I
## Precepts

I)The erroneous actions by the California Department of Corrections
and Rehabilitation challenges the very foundation of this Honorable
court without compliance by the California Department of Corrections
and Rehabilitation.

II)Plaintiffs' recognize themselves as female and acts accordingly
Additionally,the plaintiffs' have been identified by Medical and
California Department of Corrections and Rehabilitation personell
as Transgender or as having the symptoms of Gender Dysphoria.By
the Defendants' failing to implement the terms and conditions of the
settlement agreement and release discriminates against the Plaintiffs

## II
## Parties

I,Nina Shanay McQueen,am a state prisoner and have been committed
to the custody of the Secretary of the Department of Corrections and
Rehabilitation,confined currently at Mule Creek State Prison in Ione,
California.

The Defendants'; The list of the following Defendants' are all em-
ployees for the California Department of Correctios and Rehabilitation
(CDCR), and are responsible for implementing Court orders, and Revising
CDCR policies,Thereby are the Defendants.

   1.Kathleen Allison,Director,Division of Adult Institutions, CDCR;

   2.Ralph M.Diaz,Deputy Director of Adult Institutions;CDCR;

   3.Vincent Cullen, Assistant Director,Division of Adult Institu-
tions,CDCR;
   4.Scott Kernan,secretary,Division of Adult Institutions,CDCR.
   5.Diana Toche,Undersecretary,Division of Adult Institutions;CDCR.
   6.Joe Lizarraga,Warden,Mule Creek State Prison.

   Defendant Lizarraga,is the Warden at Mule Creek State Prison
and is responcible for the operations and custody of all inmates con-
fined at Mule Creek State Prison.

## III
## Facts.

In the cause of action the California Department of Corrections and
Rehabilitation has violated the settlement agreement and release set

II

1   forth within,and therefore must be compelled to come into com-

2   pliance with the settlement agreement and release.

3   That the Defendants'agreed to on:Friday,August,07,2015.The

4   California Department of Corrections and Rehabilitation has con-

5   tinuously denied prisoners'rights afforded to them by way of the

6   settlement agreement and release.The California Department of

7   Corrections and Rehabilitation is employing the right to refuse

8   a Court order.The remedy for obstruction is a  Writ of Mandate

9   (see;Waska V.Department of Corrections(1989)259,CAL.RPTR.764.

10  (Recognizing that the California Department of Corrections and

11  Rehabilitation is subject to writ of mandate.)

12

IV

13  First Cause of Action; Writ of Mandate

14  1.)Defendants' have a clear, present and ministerial duty to

15  comply with a court order.The Defendants' has had and continues

16  to have the duty and ability to do so.

17

18  2.)The Plaintiffs',United States and Constitutional rights con-

19  tinues to be violated because the Plaintiffs' have no plain,

20  speedy,or adequate remedy in the ordinary course of the law to

21  compel the Defendants' to comply with the aforementioned settle-

22  ment agreement and release. Thereby,rendering the Courts Preem-

23  ptory writ of mandate appropiate in that;

24      A) pLAINTIFFS'rights will continue to be violated;

25      B) PLAINTIFFS' have a Constitutional right to life,liberty,

26  andf property.

27

V

28  Second cause of action; Declatory Relief



1    1.) An actual controversy has arisen and now exist between the
2    Plaintiffs' and the Defendants' relating to their respective
3    rights and duties in that the Plaintiffs' contend that the De-
4    fendants' have miserably failed to implement the agreed upon
5    settlement agreement and release from this very Court. The
6    failure is pervasive and systemic. The Defendants' by their fai-
7    lure to comply contends in all respects to the contrary.

8

9    2) Plaintiffs' seek a Declatory and injunction demanding that
10   the Defendants' are required to comply with the terms and con-
11   ditions of the settlement agreement and release in accordance
12   with the Quine V.Beard et,al;, case forthwith.

13

14   3) Plaintiffs' seek a Declaratory and a supplementary order
15   that the Defendants' allow Plaintiffs' to proceed with Sex-Re-
16   assignment Surgery,and issue a Correctional Chrono allowing the
17   Plaintiffs' to have access to property items available to Cali-
18   fornia Department of Corrections and Rehabilitation Female in-
19   mates at the same custody and classification level forthwith.

20

21

22        Executed this  10th. day of January,2017 in Ione,Ca.

          Executed by; N.McQueen
                   Nina Shaday McQueen, Petitioner

IV

ADDENDUM-A
LIST OF CO-PLAINTIFFS'

CO-PLAINTIFFS'

| PLAINTIFFS' NAME; | CDCR NO. | HOUSING/PLACE OF INCARCERATION |
|---|---|---|
| JASMINE LAShay Jones | F-08127 | Mule Creek State Prison/Fac "A" |
| Ishmel/"Ebony" Delaney | J-99209 | Mule Creek State Prison/Fac "A" |
| Cindy Gala Young | AB-0174 | Mule Creek State Prison/Fac "A" |
| Jason d. Smith | E-31089 | Mule Creek State Prison/Fac "A" |
| W. N. Roberts (Alissa) | AL7796 | Mule Creek State Prison/Fac "A" |
| Unique Angel Davis | Ae3899 | Mule Creek State Prison/Fac "A" |
| Perry Sandevas | AB-8356 | Mule Creek State Prison/Fac "A" |
| Mr. D. | V-08182 | Mule Creek State Prison/Fac "A" |
| Kai Thompson | C-21054 | Mule Creek State Prison/Fac "A" |
| Jason Wright | AP-9728 | Mule Creek State Prison/Fac "A" |
| Moore | AT0708 | Mule Creek State Prison/Fac "A" |
| M. Michel | T-13400 | Mule Creek State Prison/Fac "A" |
| Alcaraz. | F-60932 | Mule Creek State Prison/Fac "A" |
| A. Kent/ | D-5262 | Mule Creek State Prison/Fac "A" |
| Ty Haye | D76255 | Mule Creek State Prison/Fac "A" |
| Ronnie Ellard | T09242 | Mule Creek State Prison/Fac "A" |
| Taylor | C-21449 | Mule Creek State Prison/Fac "A" |
|  | V-94497 | Mule Creek State Prison/Fac "A" |
| (Angie) Gordon | AB-4003 | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |
|  |  | Mule Creek State Prison/Fac "A" |

VI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADDENDUM-B

Signatures and Declaration of the
Co-Plaintiffs' in the Cause of Action

VII

Signatures and Declaration of The
Co-Plaintiffs' in the Cause of Action

1  I, the undersigned, say; I am a Plaintiff in this cause of action.

2  I declare under the penalty of perjury under the laws of the State

3  of California (Penal Code Section; 118 Et SEO). That the fore going

4  Allegations and statements are true and correct, except as to matters

5  that are stated on my imformation and belief, and as to those matters

6  I, do believe them to be true.

7

8  EXECUTED THIS 10th. DAY OF JANUARY, 2017, IN IONE, CA.

9

| Name of Co-Plaintiff | Prefered Name. | CDCR NO. | Co-Plaintiff's signature |
|---|---|---|---|
| Jasmine lashay Jones | lAshay Shaw | F08127 | |
| Ebnael Delancey | Ebony | J-90209 | |
| Cindy Lee Young | Cindy | AR0174 | |
| Jason L. Smith | Summer | E-31089 | Jason L. Smith |
| Aaron Zendejas | Guynevere | AB8356 | |
| | kimie | V-08182 | |
| Kai Thompson | Lady K | C-17054 | K. Thompson |
| Jason Wright | Britney | AP9726 | |
| Sterling - Moore | TRINA | AT0708 | |
| M. Michel | Michelle | T-13004 | |
| Carlos Alcaraz | Jeeska | F-60937 | |
| A.Gently | Armanda | D56608 | |
| Groux Tm | Eleny | D86353 | |
| Richard Davis | Unique Angel | AE3809 | |
| Ronnie Ellard | Sylvia | T09212 | Ronnie Ellard |
| Bandon Tim | TiMMY | C21440 | |
| Thomas Jones | Molly Quinn | V94167 | |
| Angie Gorden | Angie Gordon | AB-4003 | |

INMATE COPY

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    August 18, 2016

To      :    Jerry Dowdy, Mailroom Supervisor
             Visiting Lieutenant

Subject:    **LEGAL NAME CHANGE**

This memorandum serves as official notification of legal name change for inmate Mc Queen, Lamar E93133. Amador County Superior Court orders the name legally changed to Mc Queen, Nina Shanay. Court documents can be viewed in the Miscellaneous Section in Electronic Records Management System (ERMS).    Please update your records to reflect the additional name of the inmate.

Should you have any questions pertaining to this memorandum please do not hesitate to call me at extension 5120.

*C. Cassidy*

Carrie Cassidy
Case Records Manager
Mule Creek State Prison

cc: Litigation
    C&PR
    Inmate Mc Queen E93133
    ERMS

* CDC 1617 (3/89)

COPY
(4)

INMATE COPY.

A 2 - 117 ∪ (QLD-A)
E931135
Mc Queen

1 | KAMALA D. HARRIS
Attorney General of California
2 | JAY C. RUSSELL
Supervising Deputy Attorney General
3 | MARTINE N. D'AGOSTINO
Deputy Attorney General
4 | State Bar No. 256777
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-7004
Telephone: (415) 703-5233
6 | Fax: (415) 703-5843
E-mail: Martine.DAgostino@doj.ca.gov
7 | *Attorneys for Defendants*
*S. Pajong, D. Bright, J. Lewis, J. Dunlap, and*
8 | *J. Beard, Ph.D.*

9

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13

14 | SHILOH HEAVENLY QUINE,          | C 14-02726 JST

15 |                      Plaintiffs, | **JOINT NOTICE OF SETTLEMENT AGREEMENT**

16 |            v.

17 |                                  | Judge:        The Honorable Jon S. Tigar
 | **BEARD, et al.,**               | Trial Date:   January 4, 2016
18 |                                  | Action Filed: June 12, 2014
 |                      Defendants.

19

20

21

22

23

24

25

26

27

28

1

The parties, by and through their counsel of record, have agreed to settle the instant matter. The parties will execute the attached Settlement Agreement and Release within the next seven calendar days.

DATED: August 7, 2015

/s/ Herman J. Hoying

HERMAN J. HOYING[1]
*Attorney for Plaintiff*
*Shiloh Quine (aka Rodney James Quine)*

/s/ Martine N. D'Agostino

MARTINE N. D'AGOSTINO
Deputy Attorney General
*Attorney for Defendants*
*S. Pajong, D. Bright, J. Lewis, J.*
*Dunlap, and J. Beard, Ph.D.*

SF2015400052
20769978.doc

---

[1] Under Northern District Local Rule 5-1(i)(3), counsel for Defendants attests that Plaintiff's counsel gave his permission to electronically sign this stipulation on his behalf.

2

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

This Settlement Agreement and Release (Agreement) is made between SHILOH HEAVENLY (aka Rodney James) QUINE (Plaintiff) and the California Department of Corrections and Rehabilitation (CDCR) on behalf of Defendants BEARD, PAJONG, LEWIS, BRIGHT, and DUNLAP (Defendants). Plaintiff, CDCR, and Defendants are referred to as "the parties." This Agreement covers all of the claims and allegations in the Complaint and any amendments in it against Defendants, whether named or unnamed and whether served or unserved, and any past or current CDCR employees.

### II. RECITALS

Plaintiff filed a complaint in the United States District Court for the Northern District of California, *RODNEY JAMES QUINE v. BEARD, et al.*, Case No. C 14-02726 JST (N.D. Cal.) (the Complaint), seeking an order requiring Defendants to provide Plaintiff with sex-reassignment surgery as a medically necessary treatment for her gender dysphoria and access to property available to CDCR inmates housed in female facilities. Defendants and CDCR deny all allegations of wrongdoing made by Plaintiff in this lawsuit. However, the parties acknowledge that several medical and mental health clinicians, including two independent mental health experts, have determined that sex-reassignment surgery is a medically necessary treatment for Plaintiff. (See Attachments A & B.) No medical or mental health clinician has indicated otherwise. Accordingly, the parties now desire and intend by this Agreement to settle all disputes between them relating in any way to the Complaint's allegations and claims, including any rights to appeal, and to discharge each other from any and all liability with reference to such allegations and claims, except as specifically set forth in this Agreement.

Therefore, in consideration of the covenants set forth in this Agreement, the parties settle their dispute on the terms and conditions set forth below.

### III. TERMS AND CONDITIONS

1.     In full and complete settlement of any and all claims, the parties agree to the following:

    A. As promptly as possible, Plaintiff shall be referred for genital sex-reassignment surgery to a mutually agreed-upon surgical practice (the surgical practice). CDCR shall negotiate the contract with the surgical practice, who shall provide Plaintiff's genital sex-reassignment surgery.

    B. The surgical practice shall evaluate Plaintiff for genital sex-reassignment surgery, i.e. surgery to transform the appearance and function of Plaintiff's genitals to appear as female.

    C. If the surgical practice determines that Plaintiff is not a candidate for genital sex-reassignment surgery, that determination shall be delivered to all parties.

Plaintiff shall then be re-evaluated by a second mutually agreed-upon surgical practice for a second evaluation and surgery.

D. Plaintiff's genital sex-reassignment surgery shall proceed under the surgical practice's recommendations.

E. Following completion of genital sex-reassignment surgery, it is anticipated that Plaintiff will require a period of post-surgery hospitalization and recovery. Following discharge, Plaintiff shall be placed as a female inmate in a CDCR facility that houses female inmates consistent with Plaintiff's custody and classification factors.

F. Plaintiff shall be issued a correctional chrono allowing her access to property items available to CDCR inmates consistent with her custody and classification factors, including property items that are designated as available to female inmates only.

G. CDCR shall review and revise its policies to allow inmates identified by medical or CDCR personnel as transgender or having symptoms of gender dysphoria access to property items available to CDCR inmates consistent with those inmates' custody and classification factors, including property items that are designated as available to a specific gender only. Before those policies are final, Plaintiff shall have the opportunity to comment on its specific language, including provisions that limit certain property because of safety and security concerns. In addition, CDCR is reviewing and revising its policies concerning medically necessary treatment for gender dysphoria, including surgery.

H. The Court shall retain jurisdiction of this litigation while this Agreement's terms are being executed. Any disputes between the parties concerning this Agreement shall first be presented to Magistrate Judge Nandor J. Vadas for informal dispute resolution without prejudice to a party's right to seek formal relief from the Court.

I. Upon execution of all of this Agreement's terms, Plaintiff agrees to dismiss the Complaint with prejudice.

2. There are no other actions required by Defendants or CDCR to comply with this Agreement. Except as described in Paragraph 1.G. above, any and all actions taken under this Agreement shall be limited in scope and application to this case and Plaintiff only.

3. Plaintiff shall be entitled to reasonable attorney's fees and costs incurred in this litigation at the rate applicable under the Prison Litigation Reform Act.

## IV. GENERAL RELEASE

4. By signing this Agreement, the parties intend that it shall be a full and final accord and satisfaction and release from all allegations and claims asserted in the Complaint.

A. By signing this Agreement, Plaintiff releases CDCR, Defendants, California Correctional Health Care Services (CCHCS), whether named or unnamed and whether served or unserved, and any other past or current CDCR and CCHCS employees, including the receiver appointed in *Plata v. Brown,* Case No. C01-1351 TEH (N.D. Cal.), from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Complaint or from this lawsuit.

B. By signing this Agreement, CDCR, Defendants, California Correctional Health Care Services (CCHCS), whether named or unnamed and whether served or unserved, and any other past or current CDCR and CCHCS employees, including the receiver appointed in *Plata v. Brown,* Case No. C01-1351 TEH (N.D. Cal.), release Plaintiff from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Complaint or this lawsuit.

5.     In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

6.     This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

## V. SUCCESSORS AND ASSIGNS

7.     This Agreement shall be binding on the parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

## VI. REPRESENTATIONS AND WARRANTIES

8.     No other consideration. The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

9.     Execution in counterpart. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10.  <u>Execution of further documents</u>. Each party to this Agreement shall complete, execute or cause to be executed such further and other documents as are necessary to carry out the expressed intent and purpose of this Agreement.

11.  <u>Entire agreement</u>. This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

12.  <u>No oral modifications or waiver</u>. No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties. No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver. No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

13.  <u>Governing law</u>. Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

14.  <u>Severability</u>. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

The undersigned agree to the above:

Dated: _5-7-15_                By: _Shiloh Heavenly Quine_
                                     Shiloh Quine

Dated: _____          By: _____
                                     Dr. Jeffrey Beard
                                     Secretary, California Department of Corrections and
                                     Rehabilitation

Approved as to form:

Dated: _8/07/15_                By: _____
                                     Herman J. Hoying
                                     Morgan, Lewis & Bockius

Dated: _August 7 2015_          By: _____
                                     Jay C. Russell, Supervising Deputy Attorney
                                     General
                                     Counsel for Defendants

---

*SHILOH QUINE v. BEARD, et al.*, Case No. C 14-02726 JST
Settlement Agreement and Release