**BRYAN CAVE LLP**
K. Lee Marshall, California Bar No. 277092
Tracy M. Talbot, California Bar No. 259786
Jeremy B. Fancher, California Bar No. 296968
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
Email:         klmarshall@bryancave.com
                  tracy.talbot@bryancave.com
                  jeremy.fancher@bryancave.com

Attorneys for Intervenors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RODNEY JAMES QUINE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.<br><br>    Defendants. | Case No. 14-cv-02726-JST<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE**<br><br>[Filed concurrently with Notice of Motion and Brief in support of Motion for Writ of Mandate, Declaration of Jeremy Fancher and [Proposed] Order]<br><br>Date: August 24, 2017<br>Time: 2:00 p.m.<br>Dept: Courtroom 9, 19th Floor<br><br>Date Action Filed: June 12, 2014<br>Trial Date: None Set |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THIS COURT:**

**PLEASE TAKE NOTICE** that on August 24, 2017, at 2:00 p.m., in Courtroom 9 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Damien D. Olive and the co-plaintiffs to the Motion for Writ of Mandate and Declaratory Relief (together, "Movants") will and hereby do move this Court for an order to intervene in the above-entitled action pursuant to F.R.C.P. 24(a) and (b).

This Court should allow Movants to intervene pursuant to F.R.C.P. 24(a) on the grounds that:

(a) The motion to intervene is timely, and no party will suffer prejudice if Movants are added as intervenor-plaintiffs, and intervention will not unduly delay adjudication of the original parties' rights;

(b) Movants have an interest in the subject of the action - *i.e.*, their stake in the promised revisions to the CDCR policies with respect to transgender inmates;

(c) Movants are so situated that disposition of the present action could impede and impair their ability to protect their interests; and

(d) Movants' interests are not already adequately represented by the current parties.

Alternatively, this Court should permit Movants to intervene pursuant to F.R.C.P. 24(b) on the grounds that:

(a) Movants have an interest in the enforcement of the settlement agreement that shares with the main action a question of law or fact, namely, that Part III.G of the settlement agreement is followed such that Movants' interests as third-party beneficiaries are satisfied; and

(b) Intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jeremy Fancher, and the pleadings, files, prior court orders and records herein, and such other matter that may be received by the Court.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94105

199272.1\PRBO\P027266

2

MOTION TO INTERVENE
CASE NO. 3:11-CV-06322-WHO

227413.3\PRBO\P027266
SF01DOCS\230179
SF01DOCS\306328.3

1
2   Dated: July 5, 2017                    Respectfully submitted,
3                                          **BRYAN CAVE LLP**
                                           K. Lee Marshall
4                                          Tracy M. Talbot
                                           Jeremy B. Fancher
5
6                                          By:    _/s/ Jeremy B. Fancher_____
                                                  Jeremy B. Fancher
7                                          Attorneys for Intervenor
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  199272.1\PRBO\P027266              3
                              MOTION TO INTERVENE
                         CASE NO. 3:11-CV-06322-WHO

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94105

227413.3\PRBO\P027266
SF01DOCS\230179
SF01DOCS\306328.3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

As of the time of filing, counsel has contacted and interviewed ten of the Movants,[1] eight of whom are housed at Kern Valley State Prison ("Kern Valley"), and two of whom, including Damien Olive, are housed at Richard J. Donovan State Prison ("RJD"). All are transgender females, and face significant issues in openly expressing their gender identity in the all-male prisons in which they are housed.

As a group, the thirteen inmates that submitted the Motion for Writ of Mandate ("Movants") were expressly contemplated as beneficiaries under the Settlement Agreement in this action by and between Plaintiff Shiloh Quine ("Plaintiff") and the California Department of Corrections and Rehabilitation ("CDCR") and dated August 7, 2015 (the "Agreement"), and are entitled to sue to enforce their judicially enforceable rights. As Movants' have testified (*See* Brief in Support of Motion for Writ of Mandate, Part III.B; Fancher Decl. ¶¶ 10-11, and Ex. H, ¶ 7; Ex. G, ¶ 7.), transgender inmates at both facilities are subject to capricious and arbitrary enforcement of existing CDCR policies. This includes unreliable or nonexistent access to gender specific property items, arbitrary seizures of female property items, inadequate access to health care, and inconsistent recognition of their medical classification (or "chrono") by CDCR personnel. CDCR has failed, and continues to fail, to carry out its promised actions under the Agreement. Despite issuing new tentative policies under Title 15 on April 28, 2017, these new policies are not being applied at the prison level. (*See* Notice of Change to Regulations Sections: 3000, 3030, 3190, 3269 of the Cal. Code of Regulations, Title 15, No. 17-03, April 28, 2017, *available at* http://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/NCDR/2017NCR/17-03/17-03.pdf.)

Movants should be permitted to intervene to enforce the Settlement Agreement because they are third party beneficiaries under the Agreement and they satisfy the requirements under Federal Rules of Civil Procedure ("FRCP") Rule 24(a) and (b). In addition, Movants' rights will

---

[1] Three of the Movants were unreacheable by the time of filing. California records indicate they were released on parole, or were otherwise not presently housed at CDCR facilities. (Fancher Decl., para. 2.)

not be adequately represented by Plaintiff, who has received sex reassignment surgery and is no longer housed at an all-male facility.

## II. DISCUSSION

### A. Movants Are Third Party Beneficiaries Under the Settlement Agreement

First, Movants should be permitted to intervene to assert their rights under the Agreement because they are third party beneficiaries as the Agreement was intended to benefit them and requires CDCR to make the following changes:

> CDCR shall review and revise its policies to allow inmates identified by medical or CDCR personnel as transgender or having symptoms of gender dysphoria access to property items available to CDCR inmates consistent with those inmates' custody and classification factors, including property items that are designated as available to a specific gender only. Before those policies are final, Plaintiff shall have the opportunity to comment on its specific language, including provisions that limit certain property because of safety and security concerns. In addition, CDCR is reviewing and revising its policies concerning medically necessary treatment for gender dysphoria, including surgery. (ECF No 49, Part III.G).

Movants are transgender,[2] and therefore have enforceable third-party rights under the Agreement. Under federal common law, a third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for a breach. *See Far West Fed. Bank, S.B. v. Office of Thrift Supervision-Dir.*, 119 F.3d 1358, 1363 (9th Cir. 1997). A third party's rights under a contract are judicially enforceable when the parties intended to benefit the third party. *Klamath Water Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). "[T]he third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party. *Id. at 1211.*

As an expressly contemplated group – namely, inmates in CDCR facilities that are transgender – Movants have judicially enforceable rights under the Agreement. *See GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027,

---

[2] For the purposes of this motion, transgender will be used to refer interchangeably to the terms "transgender" and "having symptoms of gender dysphoria" under the Agreement.

1033 (9th Cir. 2012) ("The contract need not name a beneficiary specifically or individually in the contract; instead, it can specify a 'class clearly intended by the parties to benefit from the contract.'") (quoting *Klamath Water Users Prot. Assoc.*, 204 F.3d at 1211). The Agreement contemplates transgender inmates as a group of express beneficiaries, not mere incidental ones—as CDCR promised to revise policies to "allow *inmates* . . . access to property items." The promised revisions of policy are clearly intended to benefit transgender inmates as a group. The Agreement expressly and with clear intent promises action directly intended to benefit the group of which Movants are a part. *See GECCMC 2005-C1 Plummer St. Office Ltd.*, 671 F.3d at 1035. Movants seek to intervene in this case with respect to CDCR's failure to carry out and apply the policy revisions at RJD and Kern Valley that were expressly intended to benefit them.

As Movants are a group clearly intended by the parties to benefit from the Agreement, they have judicially enforceable rights as third-party beneficiaries and should be allowed to enforce them by way of intervention.

### B. Movants Should Be Permitted to Intervene in This Action as of Right Under FRCP 24(a).

Intervention as a matter of right is governed by FRCP 24(a), which states as follows:

> (a) *Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The requirements of Rule 24(a)(2) "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Here, Movants meet all of the requirements for intervention of right.

*First*, this Motion is timely. Plaintiff filed her Complaint on June 12, 2014, and on July 28, 2015, the Parties reached a settlement, and the Agreement was executed on August 7, 2015. Thereafter, a dispute arose regarding enforcement of the Agreement, as detailed in a letter filed with the Court on May 17, 2016. (ECF No. 68).

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94105

3
MOTION FOR INTERVENTION
CASE NO. 14-CV-02726-JST
SF01DOCS\306328.3

Movants filed their Motion for Writ of Mandate and Declaratory and Injunctive Relief ("Motion for Writ of Mandate") on November 14, 2016, prior to Plaintiff's Motion to Enforce the Settlement Agreement filed on March 1, 2017. The issues raised in Movants' Motion relate to the May 17, 2016, letter and were still pending at the time Movants filed their Motion as briefing had not yet begun with respect to the Motion to Enforce the Settlement Agreement. The Court then appointed Bryan Cave as counsel on April 11, 2017. (ECF No. 113). On May 19, 2017, all parties stipulated to the current deadline for Movants' brief in support of the Motion for Writ of Mandate and this Motion. Accordingly, no prejudice to any party will result from allowing intervention now.

*Second*, Movants have a substantial, legally-protectable interest in the outcome of this litigation. Under Ninth Circuit precedent, "a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Movants easily qualify under this standard. Movants are third-party beneficiaries entitled to the benefits of the promised changes to CDCR policies with respect to "inmates identified by medical or CDCR personnel as transgender or having symptoms of gender dysphoria." (ECF No. 82, Ex. A, Part III.G). Movants' interest in seeing these revisions applied for their benefit is sufficient to justify intervention. *See, e.g., United Latin American Citizens v. City of Bourne*, 659 F.3d 421, 435 (5th Cir. 2011) (reversing denial of intervention as of right)

*Third*, disposition of this action may, as a practical matter, impede and impair the interest Movants claim in this action. Movants have an interest in ensuring that CDCR materially complies with the terms of the Agreement, namely by allowing access to gender-restricted clothing items, allowing non-medical personnel to readily identify an inmate as transgender, and by ensuring that the proposed revisions to Title 15 of the California Code of Regulations are followed by CDCR personnel at Kern Valley Kern Valley and RJD, where the vast majority of Movants are currently housed. Plaintiff's Memorandum in Support of the Motion to Enforce the Settlement Agreement filed on March 1, 2017, raised significant issues as to CDCR's failure to comply with the terms of the Agreement. (ECF No. 98). Now, even following the Court's Order granting in-part the Motion

to Enforce (ECF No. 116), significant issues remain with respect to CDCR's compliance with the Agreement.

*Fourth,* and finally, Plaintiff does not adequately represent Movants' interests. The "requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and . . . the burden of making this showing is minimal." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 529 (9th Cir. 1982). Part III.G of the Agreement requires, in part, that CDCR allow "inmates identified by medical or CDCR personnel as transgender or having symptoms of gender dysphoria access to property items available to CDCR inmates consistent with those inmates' custody and classification factors, including property items that are designated as available to a specific gender only." (ECF No. 98.) Although Plaintiff has taken steps to ensure CDCR compliance with Part III.G of the Agreement by challenging the Title 15 policy revisions, Plaintiff no longer has the same personal stake in the outcome that Movants do for three reasons. First, as shown in the contemporaneously filed Brief in support of the Motion for Writ of Mandate, there are significant questions as to the uniform application of CDCR policies across prisons, and even across individual "yards" or dormitory areas within a respective prison. (Brief in Support of the Motion for Writ of Mandate, Part III.B.) Second, Plaintiff is no longer housed at a male prison, while every Movant is housed at an all-male prison: either RJD or Kern Valley. Third, Plaintiff had sex reassignment surgery and is now regarded as a female inmate. For all these reasons, CDCR's failure to adequately comply with the terms of Part III.G of the settlement agreement will not have a personal effect for Plaintiff. And, as a practical matter, Plaintiff is no longer situated such that she could monitor and testify as to CDCR's evolving policy revisions and implementation.

Conversely, Movants are and continue to be substantially affected by CDCR policies concerning access to property items and "medically necessary treatment for gender dysphoria, including surgery." (ECF No. 82, Ex. A, Part III.G.) None of Movants has had sex reassignment surgery, and many have not yet been evaluated as to whether one would be medically necessary. (*See ,e.g.*, Fancher Decl., Exs. A-J.) Movants have also not been granted adequate access to certain property items that are designated as available to female inmates only. (*See, e.g.*, Fancher Decl. ¶

5

MOTION FOR INTERVENTION
CASE NO. 14-CV-02726-JST

SF01DOCS\306328.3

6, and Ex. C ¶¶ 10-11.)

These disparate interests could produce conflicting positions in the future to Movants' prejudice.

Movants and Plaintiff are also subject to different resource constraints. Plaintiff may not be equipped to, or may not be interested in, fully litigating the issues involved in Part III.G, despite Plaintiff's efforts thus far in the case. Movants remain fully invested in enforcing the terms of the Agreement, as they experience the effects of CDCR policy revisions, or lack thereof, on a daily basis in all-male prisons.

This is enough to show inadequacy of representation. The relief sought by Movants materially differs from that sought by Plaintiff. In addition to having an interest in the revisions to Title 15, Movants also seek to enforce the Agreement by way of revealing systemic failures to comply with statewide CDCR policies at individual prisons. This relief can no longer be adequately sought, nor can the issue be adequately articulated by Plaintiff, now housed in a female-only facility. *See Va. V. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (noting that intervention requires that the movant's relief sought differs from that of the plaintiff); *Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C.Cir. 1994) (denying intervention where movant was not offering an argument not also pressed by defendant).

### C. In the Alternative, the Court Should Grant Permissive Intervention Under FRCP 24(b)

As shown above, Movants meet the requirements for intervention as a matter of right. In the event the Court determines that Movants do not meet the requirements of FRCP 24(a), however, permissive intervention under FRCP 24(b) is proper in the alternative. Rule 24(b) states as follows:

> (b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The requirements for permissive intervention are met in this case. Movants' requested relief with

1  respect to Part III.G of the Agreement raise numerous questions of law in common with Plaintiff's
2  Motion to Enforce the Settlement Agreement. Moreover, permissive intervention will not unduly
3  delay or prejudice adjudication of the rights of the original parties. Indeed, the Motion to Enforce
4  the Settlement Agreement has proceeded on appeal. Given that there is no risk of prejudice to any
5  original party, and that revision of CDCR policies as well as application of those policies at the
6  prison level is of genuine and important public interest, Movants request that this Court permit
7  them to intervene in the present case.

## III. CONCLUSION

Movants' intervention is proper under F.R.C.P. 24(a) and (b), and they respectfully request this Court grant the present Motion.

Dated:   July 5, 2017              **BRYAN CAVE LLP**
                                   K. Lee Marshall
                                   Tracy M. Talbot
                                   Jeremy B. Fancher


                                   By:   /s/ Jeremy B. Fancher
                                         Jeremy B. Fancher
                                   Attorneys for Intervenor