1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SHILOH HEAVENLY QUINE,                    Case No. 14-cv-02726-JST

8              Plaintiff,

9         v.                                   **ORDER DENYING MOTION TO STAY**

                                               Re: ECF No. 150
10   JEFFREY BEARD, et al.,

11             Defendants.

12

13        Before the Court is Defendants' motion to stay the Court's order granting enforcement of

14   the settlement agreement.  ECF No. 150.  The Court will deny the motion.

15   **I.    INTRODUCTION**

16        On March 1, 2017, Plaintiff Shiloh Quine moved to enforce the parties' settlement

17   agreement.  ECF No. 98.  On April 28, 2017, the Court granted the motion in part and denied it in

18   part.  ECF No. 116.  The Court concluded, among other things, that "(1) the existing property

19   policy must be revised to provide access to items that present safety and security concerns to

20   transgender inmates in all 24 non-'hub' transgender institutions, although transgender inmates are

21   housed in the 11 'hub' institutions; (2) the existing property policy must be revised to include

22   access to pajamas, nightgowns, rovers, scarves, bracelets, earrings, hair brushes, and hair clips;

23   and (3) CDCR must provide compression tops and binders to inmates who cannot afford them, at

24   state expense." ECF No. 150 at 2 (citing April 28 Order).  Defendants appealed the order, and

25   Plaintiff cross-appealed.  ECF Nos. 121, 123.  On July 20, 2017, Defendants moved for a stay of

26   the Court April 28 Order pending Ninth Circuit review.  ECF No. 150.

27   **II.   LEGAL STANDARD**

28        A court's "power to stay proceedings is incidental to the power inherent in every court to

United States District Court
Northern District of California

1  control the disposition of the causes on its docket with economy of time and effort for itself, for

2  counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  A stay is

3  "an exercise of judicial discretion, and the propriety of its issue is dependent upon the

4  circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal

5  alterations, citations, and quotations omitted).

6  　　　　Courts consider four factors when analyzing a request to stay:

7  　　　　　　(1) whether the stay applicant has made a strong showing that he is
   　　　　　　likely to succeed on the merits; (2) whether the applicant will be
8  　　　　　　irreparably injured absent a stay; (3) whether issuance of the stay
   　　　　　　will substantially injure the other parties interested in the
9  　　　　　　proceeding; and (4) where the public interest lies.

10 Id. at 426 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

11 **III.    ANALYSIS**

12 　　　　**A.    Likelihood of Success on the Merits**

13 　　　　Defendants argue they are likely to succeed on the merits of their appeal for two reasons.

14 First, Defendants claim that the Ninth Circuit is likely to agree with them that the settlement

15 agreement only gave Plaintiff the right to comment on CDCR's revised property policy, not to

16 challenge the exclusion of specific property items.  ECF No. 150 at 4.  Therefore, Defendants

17 argue, this Court was wrong to even consider the specific property items Plaintiff's raised in her

18 motion to enforce, since Plaintiff indeed had the opportunity to comment on the property policy.

19 Defendants especially take issue with this Court's reliance in its April 28 Order on defense

20 counsel's representation to Judge Vadas that Plaintiff would be able to dispute the exclusion of

21 specific property items.  Id. at 5.  But Defendant ignores that the Court gave two justifications for

22 its decision to review the specific property item challenges: "Both due to defense counsel's

23 representation to Judge Vadas and the plain language of the Agreement, the Court will consider

24 Plaintiff's arguments related to specific property items."  ECF No. 116 at 7.  Therefore, even if

25 Defendants were to prevail on their extrinsic evidence argument, they have not demonstrated that

26 they are likely to prevail on the merits.[1]

27 　　　　　　　─────────────

28 [1] Nor could Plaintiff, by virtue of signing the Settlement Agreement, have waived her right to
   challenge the exclusion of particular property items, ECF No. 150 at 6, if that right was a part of

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Second, Defendants argue that a stay is warranted because the April 28 Order "raises serious legal questions of first impression in this circuit": namely, whether the Turner v. Safley "reasonable relation" test, 482 U.S. 78, 89 (1987), applies to gender discrimination claims that implicate prison administration. ECF No. 150 at 5-6. As a general matter, it is correct that a stay may be appropriate to allow the Ninth Circuit to address a "genuine matter[] of first impression." Morse v. Servicemaster Glob. Holdings, Inc., No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013). Here, however, Defendants have not given the Court any basis to conclude that there is even a "minimal chance" that the Ninth Circuit will disagree with this Court's application of intermediate scrutiny to Plaintiff's claims. O'Connor v. Uber Techs., Inc., No. 13-CV-03826-EMC, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015). In its April 28 Order, the Court cited more than one district court case that relied on the reasoning in Johnson v. California, 543 U.S. 499, 509 (2005), to reject the application of Turner to gender discrimination cases related to prison administration. ECF No. 116 at 8-9. Defendants cite no case in their motion that has come to the contrary conclusion.[2] After the reply deadline, Defendants filed a statement of recent decision: Harrison v. Kernan, No. 16-cv-07103-NJV, ECF No. 48 (N.D. Cal. Aug. 21, 2017). ECF No. 155. While that court applied Turner to a gender discrimination claim, it did not engage with any of the post-Johnson cases this Court discussed in its April 28 Order and is therefore not persuasive. See ECF No. 155-1 at 15-16. The Court disagrees that the standard of review question, though undecided by the Ninth Circuit, warrants a stay pending appeal.[3]

In sum, this factor weighs against a stay.

---

the very Settlement Agreement she signed.

[2] Defendants cite a number of cases on reply (all but one were issued before Johnson, and are therefore unpersuasive), but "[i]t is inappropriate to consider arguments raised for the first time in a reply brief." Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

[3] In any event, "if only this lesser showing [of a question of first impression] is made, [Defendants] must further demonstrate that the balance of the hardships absent a stay tips '*sharply*' in its favor." O'Connor, 2015 WL 9303979, at *1 (N.D. Cal. Dec. 22, 2015) (emphasis added). As discussed below, Defendants have failed to make that showing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### B.      Irreparable Injury

On irreparable injury, Defendants make two ultimately unpersuasive arguments.  First, Defendant claims that it will suffer irreparable injury absent a stay because "inmates in male institutions will have access to property that compromises prison safety and security."  ECF No. 150 at 6.  But the Court already addressed these safety concerns in the April 28 Order and found them "unconvincing."  ECF No. 116 at 11.[4]

Second, Defendants argue that disseminating the property items to non-hub institutions will cause irreparable harm because "it *may* discourage inmates from moving to a hub institution."  ECF No. 150 at 8 (emphasis added).  Not only is this statement inconclusive, it is unsupported.  See In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").  Moreover, as Plaintiff points out, ECF No. 152 at 14, CDCR chooses where inmates live, not the other way around.  Relatedly, Defendants claim that it will be "operationally very difficult for CDCR to administer a system-wide property access policy."  ECF No. 150 at 8.  But again, Defendants offer little support for that broad statement, and seem to contradict themselves by also arguing that the "transgender inmate population is very small."  Id. at 7.

This factor weighs against a stay.

---

[4] For example, Defendants recycle the argument that male inmates should not be given certain clothing items subject to dispute because they are more likely than female inmates to use those items to escape.  ECF No. 150 at 7.  The Court rejected this very argument in its April 28 Order:

> CDCR's draft policy allows transgender female inmates in male institutions to have sandals, t-shirts, and walking shoes, but not the other items listed above. CDCR says it cannot introduce the other clothing items into male institutions "because male inmates are more escape-prone than female inmates."  CDCR goes on to explain that these items "contain large amounts of cloth that is significantly different from the cloth used in prison-issued clothing, which can be altered by inmates to approximate the look of street clothing, thus aiding in escape attempts."  But as Plaintiff notes, inmates at male institutions can purchase a number of other "street clothing" items—athletic shorts, sweat pants, a poncho, etc.—that would seem to create the same risk, if not a greater one.

ECF No. 116 at 10 (internal citations omitted).

4

1

## C.     Injury to Plaintiff

2           The third factor is potential injury to parties other than the one seeking the stay.  Here, the

3    only other party is Plaintiff.  The Court agrees with Defendants that a stay would not cause

4    Plaintiff substantial harm.  Plaintiff is already housed in a female institution and "has access to

5    property in the same manner as any other female inmate."  ECF No. 150 at 8.  Therefore, the

6    property disputes resolved by the April 28 Order will not affect her directly.  Plaintiff does not

7    address this argument in her opposition, except to say that the "minimization of Plaintiff's harm

8    fails to consider the harm caused to all the other inmates for whom the property policies must also

9    be updated."  ECF No. 152 at 15.  But the impact on the other inmates is a consideration for the

10   fourth factor, not this one.  More generally, Plaintiff does suffer harm if she is prevented from

11   obtaining the benefit of the bargain she struck with CDCR.[5]  This factor weighs only slightly in

12

13   _____

5           The Court rejects Defendants' standing argument (which it appears to abandon on reply).
     Plaintiff is a party to the settlement agreement.  The enforcement of settlement agreements is
14   "governed by [] established contract principle[s]."  Hook v. State of Ariz., Dep't of Corr., 972 F.2d
     1012, 1014 (9th Cir. 1992).  Under basic principles of contract law, "a promisee may sue to
15   enforce such a contract made for the benefit of a third party in equity under the principle that the
     promisor is under an equitable obligation to the promisee to perform."  55 N.Y. Jur. 2d Equity
16   § 55; cf. Salazar v. Buono, 559 U.S. 700, 712, (2010) (holding that the plaintiff had standing to
     enforce a final judgment because, "[a] party that  obtains a judgment in its favor acquires a
17   'judicially cognizable' interest in ensuring compliance with that judgment").

18           Imagine, for example, that Barbara evicts Alice from an apartment building she owns.
     Alice sues Barbara, arguing that the eviction was based on race.  The parties reach a settlement
19   agreement where Barbara pays Alice $100 and also agrees to undergo training on racial bias in
     exchange for Alice dismissing the case.  Alice has no plans to rent from Barbara again, meaning
20   she cannot benefit from Alice's training.  But the training was important to Alice, and she would
     not have agreed to settle without that provision.  Clearly, Alice can sue Barbara if she fails to do
21   the training and hold up her end of the agreement.  Likewise, here, Plaintiff can sue to enforce the
     agreement she made with Defendants, even if some parts of the agreement benefit other prisoners
22   and not her.

23           Adopting Defendants' position would render void any provisions in settlement agreements
     that require some form of institutional reform or that do not directly benefit the plaintiff.  Given
24   the prevalence of these provisions in individual plaintiff cases, that cannot be so.  See, e.g.,
     Jessica K. v. Eureka City Sch. Dist., No. 13-cv-5854, ECF Nos. 79, 81 (N.D. Cal. Dec. 19, 2014)
25   (approving settlement agreement in case brought by a group of individual students, which required
     the school district to "retain an outside consulting group and undertake a process to review school
26   climate, policies and practices, and adopt programs and services to achieve the goals stated in the
     agreement," ECF No. 79 ¶ 17); E.E.O.C. v. Hosp. Housekeeping Sys. of Houston, Inc., No. 1:11-
27   CV-1658-LJO-BAM, 2014 WL 223536, at *5 (E.D. Cal. Jan. 21, 2014) (upholding language in
     consent decree that would "enjoin defendants from discriminating or retaliating against their
28   employees in the future"); Jacobson v. Washington State Univ., No. CV-05-0092-FVS, 2007 WL
     26765, at *1 (E.D. Wash. Jan. 3, 2007) (describing settlement agreement in individual

United States District Court
Northern District of California

1    favor of a stay.

2         **D.      Public Interest in a Stay**

3         "The public interest inquiry primarily addresses impact on non-parties rather than parties."

4    Sammartano v. First Judicial Dist. Court, 303 F.3d 959, 974 (9th Cir. 2002).  "It embodies the

5    Supreme Court's direction that 'in exercising their sound discretion, courts of equity should pay

6    particular regard for the public consequences in employing the extraordinary remedy of

7    injunction.'" Bernhardt v. Los Angeles Cty., 931-32 (9th Cir. 2003) (quoting Weinberger v.

8    Romero–Barcelo, 456 U.S. 305, 312 (1982).  Here, other CDCR inmates stand to benefit from

9    implementation of the Court's order, particularly those inmates in male institutions or at non-hub

10   institutions.  Defendants respond that if they win on appeal, inmates will possess contraband that

11   prison officials will have to confiscate.  ECF No. 150 at 9.  But that argument is premised on a

12   victory before the Ninth Circuit, which this Court already found to be unlikely.  Defendants also

13   argue that if they are forced to promulgate new emergency or permanent rules to comply with the

14   Court's order, the existing policy (which does provide some access) may expire.  Id.  The Court

15   finds this argument unconvincing.  The April 28 Order was issued over three months before

16   Defendants filed their stay motion.  Had they complied with the Order immediately, the process of

17   updating the property policy regulations would be well underway.

18                                    **CONCLUSION**

19        All four factors weigh against a stay.  Accordingly, the motion for a stay is denied.

20        IT IS SO ORDERED.

21   Dated: October 12, 2017



                                      JON S. TIGAR
                                      United States District Judge

23

24

25   _____

     discrimination case that required the defendant "to provide an additional 40 hours of training in
26   law enforcement and diversity"); In re Marriage of Smith & Maescher, 21 Cal. App. 4th 100, 104
     (Cal. Ct. App. 1993) (action seeking specific performance of a marital separation agreement in
27   which the husband agreed to pay for his children's undergraduate education).

28        Accordingly, Plaintiff has standing to seek its enforcement and, correspondingly, to argue
     against a stay of the Court's April 28 Order.

United States District Court
Northern District of California